**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| KAMBRA BRESLIN, *et al., on behalf of themselves and all others similarly situated*, | : : : | |
| | : | Case No. 1:24-cv-279 |
| *Plaintiffs*, | : : | |
| | : | Judge Jeffery P. Hopkins |
| v. | : : | |
| THE RDI CORPORATION, | : : | |
| *Defendant*. | : | |

## ORDER APPROVING AND DIRECTING FLSA NOTICE

This matter involves Plaintiffs Kambra Breslin, Kelsey Jackson, and Chad Brown ("Plaintiffs"), and Defendant The RDI Corporation ("Defendant" or "RDI"), and arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a), 207(a). In the complaint, Plaintiffs allege that RDI failed to pay overtime in violation of the FLSA. At this stage, the Parties are before the Court on a Joint Stipulation (Doc. 24). In that stipulation, the Parties ask the Court to approve issuance of the Parties' proposed notice to potential opt-in plaintiffs. Doc. 24 PageID 207. In addition to seeking court-approved notice, the Parties ask that the Court toll the statute of limitations for all putative plaintiffs in a limited manner. *Id.*

### I.     LAW AND ANALYSIS

The Fair Labor Standards Act ("FLSA"), one of the more favorable pieces of legislation passed towards workers, requires employers to pay a federal minimum wage and overtime to certain non-salaried employees. 29 U.S.C. § 206(a), 207(a). Employees seeking relief as plaintiffs may litigate alleged violations of the FLSA on "behalf of . . . themselves and other employees similarly situated." *Id.* § 216(b). Those other employees may become a

party to such an action only if they consent in writing. *Id.* Other employees come to learn about the FLSA suit through court-approved notice. But the question becomes what scrutiny does court-approved notice require?

The Sixth Circuit answers the question this way: "[t]o the extent practicable, [] court-approved notice of the suit should be sent only to employees who are in fact similarly situated." *Clark v. A&L Homecare and Training Ctr., LLC*, 68 F.4th 1003, 1010 (6th Cir. 2023). This means that "for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Id.* at 1011. To accomplish this, the showing must be "greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance." *Id.*

Deciding whether employees are "similarly situated" may depend on whether they "performed the same tasks and were subject to the same policies—as to both timekeeping and compensation—as the original plaintiffs were" or whether "other employees are subject to individualized defenses—such as an employee's agreement to arbitrate a claim." *Clark*, 68 F.4th at 1010. Plaintiffs are, for example, similarly situated when "unified by common theories of defendants' statutory violations,' such as 'a single, FLSA-violating policy." *Gifford v. Northwood Healthcare Grp., LLC*, No. 2:22-cv-4389, 2023 WL 5352509, at *3 (S.D. Ohio Aug. 21, 2023) (citing *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016)) .

In the Joint Stipulation, the Parties ask the Court to approve notice to this group of individuals:

> All current and former hourly Call Center Customer Service Representatives employed by The RDI Corporation between May 14, 2021, and the present

> who have not entered into an agreement to arbitrate claims for unpaid overtime against The RDI Corporation.

Doc. 24, PageID 207. When considering that Plaintiffs' claims are "unified by common theories of [RDI's] statutory violation," the Court is satisfied that Plaintiffs have shown a strong likelihood that members of the proposed collective would be similarly situated to them. *Gifford*, 2023 WL 5352509, at *3. For example, Plaintiffs allege that RDI "engaged in an unlawful policy and practice of requiring [employees] to work off-the-clock, every shift," in violation of 29 U.S.C. §§ 207, 211(c) and 29 C.F.R. § 516.1, *et seq.* Compl, Doc. 1, ¶ 116. Plaintiffs claim that RDI "failed to pay these employees their regular hourly rate for all hours worked in non-overtime workweeks and the federally mandated overtime compensation for all work performed." *Id.* Beyond narrowing putative plaintiffs to hourly employees, the Parties have expressly excluded employees subject to individualized defenses by removing those who have entered an agreement to arbitrate claims from the group of potential opt-in plaintiffs. Doc. 24, PageID 207; *Clark*, 68 F.4th at 1010. Thus, because Plaintiffs have shown a strong likelihood that the potential opt-in plaintiffs are similarly situated, the Court **APPROVES** issuance of the notice to those employees. The Court further **APPROVES** the form and substance of the Proposed Notice and Consent Form. *See* Doc. 24-1.

In accordance with the Parties' Joint Stipulation, the Court will toll the statute of limitations for any putative plaintiffs who join this lawsuit after receiving notice to mitigate any risk of potential prejudice to putative opt-in plaintiffs who have yet to receive notice. *See Hyde v. Fricker's USA LLC*, No. 1:22-cv-591, 2024 WL 4197903, at *3–7 (S.D. Ohio Sept. 15, 2024) (tolling the FLSA's statute of limitations for putative opt-in plaintiffs and finding that the routine pre-*Clark* practice of equitably tolling the statute of limitations for potential plaintiffs before notice is issued has even more support post-*Clark*). Thus, as agreed by the

3

Parties and set forth in the Joint Stipulation, the limitations period shall be tolled from November 25, 2024, through the date that counsel for Defendant satisfies its obligations under Paragraph 3 of the Joint Stipulation. *See* Doc. 24, PageID 208, ¶¶ 3, 7.

## II.    CONCLUSION

Accordingly, the Court finds the parties' Joint Stipulation (Doc. 24) to be well-taken. It is therefore **ORDERED** that:

1. Under Section 16(b) of the FLSA, Plaintiffs may issue Notice to the following putative plaintiffs:

   > All current and former hourly Call Center Customer Service Representatives employed by The RDI Corporation between May 14, 2021, and the present who have not entered into an agreement to arbitrate claims for unpaid overtime against The RDI Corporation.

2. Plaintiffs may use the proposed Notice (Exhibit 1 of the Joint Stipulation), and give notice of FLSA claims to the putative plaintiffs as defined in Paragraph 1 by First Class U.S. mail and email.

3. Within forty-five (45) days of this Order, Defendant shall produce to Plaintiffs' counsel a list (in Microsoft Office Excel format) containing the name, last known home address (including zip code), last known email address,[1] and dates of employment for all current and former employees who fall within the putative plaintiff definition set forth in paragraph 1 above.

---

[1] For any current and/or former employees of Defendant for whom Plaintiffs' counsel and/or the Notice Administrator receives notice that U.S. mail and/or e-mail methods of delivery of Notice were insufficient (*i.e.*, returned as undeliverable), Defendant will provide to Plaintiffs' counsel, within three (3) business days of receiving the aforementioned notice, last known phone numbers, and Plaintiffs' counsel or the Notice Administrator may contact such individuals to obtain an updated mailing and/or email address as provided in paragraph 7.

4. Within fourteen (14) calendar days of receipt of the data referred to in paragraph 4, Plaintiffs shall distribute the proposed Notice (Exhibit 1 of the Joint Stipulation) to the putative plaintiffs via First Class U.S. mail and email.

5. The putative plaintiffs will have sixty (60) days to join this case, measured from the date the Court-authorized notice is sent.

6. Counsel for the Parties shall not contact any of the prospective plaintiffs for the purpose of discussing their participation in this lawsuit through the end of the opt-in period, except that Plaintiffs' counsel may: (1) respond to inquiries from the prospective plaintiffs during this time; (2) contact prospective plaintiffs to obtain an updated mailing and/or email address if their notice is returned as undeliverable; and (3) contact the prospective plaintiffs after they have opted in. Likewise, counsel shall not contact any of the potential opt-in plaintiffs for any purpose not specified in this paragraph, including for purposes of discussing any other potential lawsuit or claim. This restriction shall survive the termination of this lawsuit.

7. The statute of limitations for the putative plaintiffs is tolled from November 25, 2024, the date of the Parties' Joint Stipulation, through the date Defendant's counsel provides the putative plaintiffs' data as set forth in paragraph 3 for any putative plaintiffs who join this lawsuit after receiving notice.

8. Within thirty (30) days of the close of the opt-in period, the Parties shall schedule mediation and file a Joint Status Report to the Court providing the name of the Parties' selected mediator and the date of the mediation.

**IT IS SO ORDERED.**

April 16, 2025

Jeffery P. Hopkins
United States District Judge